1

2
IN THE UNITED STATES DISTRICT COURT

3
FOR THE NORTHERN DISTRICT OF CALIFORNIA

4
DANIEL LEE THORNBERRY,                           No. C 12-6129 YGR (PR)

5
        Plaintiff,                           **ORDER OF SERVICE**

6
  vs.

7
Z. AHMED, et al.,

8
        Defendants.

9
_____/

10
**INTRODUCTION**

11
       Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983

12
alleging that Defendants were deliberately indifferent to his serious medical needs.

13
       He also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

14
       Venue is proper because the events giving rise to the claim are alleged to have occurred at

15
the Correctional Training Facility (CTF), which is located in this judicial district.  *See* 28 U.S.C.

16
§ 1391(b).

17
       In his complaint, Plaintiff names the following Defendants: CTF Chief Executive Officer G.

18
Ellis; CTF Physicians Z. Ahmed and Laurie Hedden; and "Director of California Correctional

19
Health Care Services."  Plaintiff seeks monetary damages.

20
**DISCUSSION**

21
**I.    Standard of Review**

22
       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

23
redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24
§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

25
are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

26
relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings

27
must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

28
       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

1  (1) that a right secured by the Constitution or laws of the United States was violated, and

2  (2) that the alleged violation was committed by a person acting under the color of state law.  *West v.*

3  *Atkins*, 487 U.S. 42, 48 (1988).

4  **II.     Legal Claims**

5      **A.     Deliberate Indifference Claim**

6      Deliberate indifference to serious medical needs violates the Eighth Amendment's

7  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

8  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX*

9  *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781

10  F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination

11  of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

12  response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the

13  failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

14  and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  A prison official is

15  deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and

16  disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825,

17  837 (1994).

18      Plaintiff's allegation that he suffers from "chronic lower back pain along with severe leg pain

19  in left leg" supports an inference that he has serious medical needs.  (Compl. at 3.)  Liberally

20  construed, Plaintiff's allegations that prison medical staff failed to provide adequate medical

21  treatment for his condition -- while he was housed there in 2011 to 2012 -- state a cognizable

22  deliberate indifference claim against Defendants Ellis, Ahmed, and Hedden.  Accordingly, this

23  claim may proceed against these Defendants.

24      **B.     Supervisory Liability Claim**

25      Plaintiff sues Defendant "Director of California Correctional Health Care Services" in

26  his/her supervisory capacity.  Plaintiff does not allege facts demonstrating that this Defendant

27  violated his federal rights, but seems to claim this Defendant is liable based on the conduct of

28  his/her subordinates.

**United States District Court**
For the Northern District of California

1  There is, however, no *respondeat superior* liability under § 1983 solely because a defendant

2  is responsible for the actions or omissions of another.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th

3  Cir. 1989).  A supervisor generally "is only liable for constitutional violations of his subordinates if

4  the supervisor participated in or directed the violations, or knew of the violations and failed to act to

5  prevent them." *Id.*  A supervisor may also be held liable if he or she implemented "a policy so

6  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the

7  constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en

8  banc).

9     Plaintiff's supervisory liability claim against Defendant "Director of California Correctional

10  Health Care Services" is therefore DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

12     For the foregoing reasons, the Court orders as follows:

13     1.     Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to

14  serious medical needs against Defendants Ellis, Ahmed, and Hedden.

15     2.     Plaintiff's supervisory liability claim against Defendant "Director of California

16  Correctional Health Care Services" is DISMISSED WITHOUT PREJUDICE.

17     3.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

18  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and

19  all attachments thereto (docket no. 1) and a copy of this Order to: **CTF Chief Executive Officer G.**

20  **Ellis as well as CTF Physicians Z. Ahmed and Laurie Hedden**.  The Clerk of the Court shall also

21  mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San

22  Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

23     4.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

24  them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant

25  to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

26  Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of

27  such service unless good cause be shown for their failure to sign and return the waiver form.  If

28  service is waived, this action will proceed as if Defendants had been served on the date that the

3

waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty-three (63) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty-three (63) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

5.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **ninety-one (91) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
For the Northern District of California

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty-three (63) days** after the date on which Defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed

issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.      IT IS SO ORDERED.

DATED: February 15, 2013

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
For the Northern District of California